UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SMITTY V., <br><br> Plaintiff, <br><br> v. <br><br> ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:20-cv-05872-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3. This matter is fully briefed. *See* Dkts. 15, 18, 19.

The ALJ found persuasive some of the opinions from one of plaintiff's examining doctors and included the opinion from the doctor into plaintiff's residual functional capacity ("RFC"). However, the ALJ failed to explain why some of the doctor's opinions regarding

plaintiff's specific functional limitations were not included into plaintiff's RFC, such as the need for regular rest intervals. Because the failure to include these limitations is not inconsequential to the ultimate determination regarding disability, this error by the ALJ is not harmless and this matter must be reversed and remanded for further Administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

In May 2017, plaintiff filed an application for SSI, alleging disability (as amended) as of May 9, 2017. *See* Dkt. 14, Administrative Record ("AR"), p. 16. The application was denied on initial administrative review and on reconsideration. *See* AR 16. A hearing was held before Administrative Law Judge Allen G Erickson ("the ALJ") on June 11, 2019. *See* AR 116-78. In a decision dated July 25, 2019, the ALJ determined plaintiff to be not disabled. *See* AR 13-34. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* AR 1-7; 20 C.F.R. § 404.981, § 416.1481.

In plaintiff's Opening Brief, plaintiff maintains the ALJ erred by failing to evaluate properly: (1) the medical evidence; (2) plaintiff's testimony; (3) the lay evidence; and, (4) plaintiff's RFC and hence also the Step 5 dependent findings. "Open," Dkt. 15, p. 2. Defendant contends the ALJ reasonably evaluated the medical opinions, plaintiff's testimony, the lay evidence and the RFC. "Response," Dkt. 18, p. 2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is

more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quoting *Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

DISCUSSION

**I.     Whether the ALJ erred when evaluating the medical evidence.**

Plaintiff contends that the ALJ erred when evaluating the medical evidence, such as the medical opinion evidence provided by Dr. W. Daniel Davenport M.D. Open, Dkt. 15, pp. 3-6. Defendant contends the ALJ provided legally sufficient reasons for discounting Dr. Davenport's opinion supported by substantial evidence. Response, Dkt. 18, pp. 9-11.

In 2017, the Commissioner issued new regulations governing how ALJs are to evaluate medical opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Under the new regulations, for claims filed on or after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). That explanation must be legitimate, as the Court will not affirm a decision that is based on legal error or not supported by substantial evidence. *See Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See also Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ*

should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

As plaintiff filed the claim in May 2017, the ALJ applied the new regulations. *See* AR 16. Therefore, based on the above considerations, the Court will determine whether the ALJ's decision is free of legal error and supported by substantial evidence. "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quoting *Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

Dr. Davenport examined plaintiff on December 15, 2017. *See* AR 621-26. He reviewed some of plaintiff's records including a March 14, 2017 visit with Dr. Stephen F. Hill, D.O., after plaintiff had fallen off a ladder and was complaining of neck stiffness. *See* AR 621. Dr. Davenport noted plaintiff's "X-ray showed normal chest, [and] normal thoracic spine [while] cervical spine showed screw fixation of C5-6, moderate degenerative narrowing in that area, and facet joint sclerosis." *See id*. Dr. Davenport further noted regarding the records reviewed, the impression from the x-ray evaluator of "acute cervical strain with multiple contusions." *See id*. Dr. Davenport noted plaintiff's chief complaints of ADD/ADHD; "neck pain stemming from the cervical fracture he had in the Marines when he mishandled the torpedo launcher and was propelled backward into a wall then went overboard and had to be rescued;" and, bilateral inguinal hernias. *See* AR 621-22. Dr. Davenport noted taking plaintiff's social, past medical, and family history. *See* 622.

Dr. Davenport performed a physical examination. *See* AR 623-25. Dr. Davenport assessed that plaintiff had a positive straight leg raise test while seated that purportedly was limited by right groin pain, as well as a positive straight leg test while supine limited by right

groin pain and tight hamstrings. *See* AR 624. Dr. Davenport also assessed some range of motion limitations in the neck and back, as well as in the right hip, knee and ankle. *See id*. He diagnosed right groin chronic pain from nerve damage related to a right hernia repair, noting that the prognosis was stable because "they've done everything possible to improve the situation." AR 625. Dr. Davenport also diagnosed attention deficit disorder, ADHD, also assessed as "stable." *Id*. Finally, Dr. Davenport diagnosed "status post-cervical fracture at C6 limiting range of motion in the neck and limiting ability to stand, walk, concentrate, do heavy work with his arms and shoulders and upper back for long hours. Prognosis is stable." *Id*.

Dr. Davenport also provided a specific functional assessment, including that plaintiff "could be expected to stand and walk for at least 6 hours daily with frequent rest periods at least at 30 to 40-minute intervals." *Id*. Dr. Davenport assessed that plaintiff's maximum lifting/carrying capacity was 10 to 20 pounds occasionally, limited by his right groin and right abdominal pain from nerve damage, as well as by his cervical osteoarthritis and fusion." *Id*. He opined that plaintiff had various postural limitations, but also opined that plaintiff's "balance is fairly good." *Id*. Dr. Davenport assessed that plaintiff "is frequently able to do reaching, handling, fingering and feeling," and limited plaintiff from working at heights, but opined that plaintiff could "work around heavy machinery, temperature extremes, chemicals, dust, fumes, gases, or excessive noise." *Id*.

In his written decision, after finding unpersuasive State agency consultants' opinions of plaintiff's sedentary limitations, as well as an examining doctor's similar opinion, *see* AR 26-27, the ALJ indicates finding Dr. Davenport's "assessment of a range of work at the light exertional level to be persuasive." *See* AR 27. Although the ALJ provides rationale for rejecting limitations arising from plaintiff's inguinal hernia repair, the ALJ indicates no rationale for rejecting the

opinions from Dr. Davenport regarding limitations in plaintiff's ability "to stand, walk, concentrate, do heavy work with his arms and shoulders and upper back for long hours," due to plaintiff's status post-cervical fracture at C6. *See* AR 625. Indeed, as argued by plaintiff, the ALJ offers no reason to reject Dr. Davenport's opinion that plaintiff requires "frequent rest periods at least at 30 to 40-minute intervals." Open, 4 (quoting AR 625).

Defendant contends that an "ALJ 'need not discuss *all* evidence presented' to him." Response, 11 (quoting *Vincent ex rel. v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)).

While an ALJ need not discuss all evidence presented, the ALJ must explain why his own interpretations, rather than those of the doctors, are correct. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

Here, based on the record, the Court concludes that the opinion from the examining doctor, part of whose opinion was found persuasive by the ALJ, that plaintiff's status post-cervical fracture at C6 results in limitations in plaintiff's ability "to stand, walk, concentrate, do heavy work with his arms and shoulders and upper back for long hours," is significant probative evidence that cannot be rejected properly by the ALJ without explanation. *See id; see also* AR 625. Similarly, Dr. Davenport's opinion that plaintiff required "frequent rest periods at least at 30 to 40-minute intervals," also is significant probative evidence that cannot be rejected by the ALJ without discussion. *See id; see also* AR 625. The Court also agrees with plaintiff that other arguments by defendant entail "an improper post-hoc rationale which is not supported by its

citations, and which cannot be used by the Court to justify affirmance of the ALJ's decision." Plaintiff's Reply Brief, Dkt. 19, pp. 5-6 n.13 (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp, supra*, 332 U.S. at 196).

Therefore, for the reasons stated and based on the record, the Court concludes that the ALJ erred by failing to provide any rationale to reject various opinions of plaintiff's functional limitations by Dr. Davenport which entail significant probative evidence.

Even if the Court were to presume for purposes of argument that the other rationale noted by the ALJ regarding limitations resulting from plaintiff's inguinal surgery were meant to be applied to the limitations resulting from the cervical fracture, that is, the ALJ's reference to plaintiff's jet skiing and use only of over-the-counter medication as conservative treatment, such still does not entail substantial evidence for the ALJ's rejection of the noted opined limitations by Dr. Davenport. The ALJ has not explained any inconsistency. For example, Dr. Davenport indicated that plaintiff may be able to work around heavy machinery and excessive noise and "his balance is fairly good." AR 625. He also indicated that plaintiff "could be expected to stand and walk for at least 6 hours daily with frequent rest periods at least at 30 to 40-minute intervals [and] is better off if he is active much of the day." *Id*. Nothing in the record demonstrates jet skiing requires standing more than 30 to 40 minutes at a time without a rest period, and Dr.

Davenport indicated plaintiff should be active. *See* AR 27, 625. Similarly, the ALJ did not explain why plaintiff's management of his impairments conservatively demonstrates any error in the opinion of Dr. Davenport regarding the need for frequent rest periods, for example.

For the reasons stated and based on the record as a whole, the Court concludes that the ALJ's failure to include any explicit rationale for not adopting fully the limitations opined by Dr. Davenport such as the need to have frequent rest periods at 30 to 40-minute intervals, is not based on substantial evidence in the record. The Court also concludes that the error is not harmless.

## II.     Harmless error

The Ninth Circuit has "long recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). An error is harmless if it is "'inconsequential to the ultimate non[-]disability determination.'" *Molina*, *supra,* 674 F.3d at 1117 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

In this matter, the ALJ found portions of Dr. Davenport's opinion persuasive, yet failed to include any rationale based on substantial evidence for the failure to credit various limitations opined by Dr. Davenport, such as the need to have frequent rest periods at 30 to 40-minute intervals, *see supra* Section I. *See* AR 27, 625. At plaintiff's Administrative hearing, the vocational expert testified that if an individual with similar to plaintiff's age, education and RFC as found by the ALJ also were to require "one or more additional work breaks per workday, each of the duration of 15 or 20 minutes or more …" that such would "preclude employment." AR 174. Therefore, the Court cannot conclude the ALJ's error in failing to credit fully the opinions from Dr. Davenport is harmless, as it is not "'inconsequential to the ultimate non[-]disability

determination.'" *See Molina*, *supra*, 674 F.3d at 1117 (quoting *Carmickle*, *supra*, 533 F.3d at 1162).

Although plaintiff contends that the ALJ erred when evaluating additional medical evidence, the Court already has concluded that the ALJ committed harmful legal error when evaluating the medical evidence provided by examining doctor, Dr. Davenport, *see supra*, Sections I and II. Therefore, for this reason and based on the record, the Court concludes that the ALJ on remand of this matter should evaluate anew all the medical evidence.

### III. Whether the ALJ erred when evaluating plaintiff's subjective claims and the lay evidence.

Plaintiff contends that the ALJ erred by failing to provide sufficient reasons for not incorporating fully plaintiff's subjective claims; however, the Court already has concluded that the ALJ committed harmful error and the medical evidence should be reviewed anew, *see supra*, Sections I and II. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

Similarly, although plaintiff contends that the ALJ erred when ignoring the lay evidence, this evidence should be evaluated by the ALJ following remand of this matter.

Finally, regarding plaintiff's argument that the ALJ erred by failing to evaluate properly plaintiff's RFC and hence also the Step 5 dependent findings, these dependent findings too, as a necessity, should be evaluated anew following remand of this matter.

### IV. Whether this Court should reverse with a direction to award benefits or for further administrative proceedings

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the

agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). After concluding at step one that an ALJ has erred, (not harmless error), the Court next should "turn to the question whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citations omitted).

Based on a review of the record, the Court concludes that "further administrative proceedings would be useful," such as to resolve conflicts in the medical evidence. Therefore, this matter should be reversed for further Administrative proceedings, including a *de novo* hearing, not with a direction to award benefits. *See id.*

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is reversed and this matter is remanded for further Administrative proceedings in accordance with the findings contained herein.

Dated this 10th day of September, 2021.

David W. Christel
United States Magistrate Judge